**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-2898-WJM-KMT

SHEENA EATON,

      Plaintiff,

v.

BROKEN SPOKE CYCLES, INC.,

      Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

---

Plaintiff Sheena Eaton initiated this action on October 23, 2014, and brings

claims for violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. ("TILA") and

the Colorado Consumer Credit Code, C.R.S. § 5-1-101 *et seq*.  (ECF No. 1.)  Plaintiff

alleges that she purchased a vehicle from Defendant Broken Spoke Cycles, Inc., which

provided her with an amortization schedule and a sales contract.  (*Id*. at 2.)  However,

Plaintiff alleges that the amortization schedule and sales contract did not comply with

the terms of TILA or the Colorado Consumer Credit Code.  (*Id*. at 2-4.)  This matter is

before the Court on Plaintiff's Motion for Default Judgment ("Motion").  (ECF No. 12.)

For the reasons set forth below, the Motion is granted in part and denied in part.

### I.  ANALYSIS

Before granting a motion for default judgment, the Court must take several steps.

First, the Court must ensure that it has personal jurisdiction over the defaulting

defendants and subject matter jurisdiction over the action.  *See Williams v. Life Sav. &*

*Loan*, 802 F. 2d 1200, 1202-03 (10th Cir. 1986).  Next, the Court should consider

whether the well-pleaded allegations of fact, which are deemed admitted by a

defendant in default, support a judgment on the claims against the defaulting

defendants.  *See Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, at \*3

(D. Colo. March 20, 2009) ("Even after entry of default, however, it remains for the court

to consider whether the unchallenged facts constitute a legitimate basis for the entry of

a judgment.") (citations omitted).  "In determining whether a claim for relief has been

established, the well-pleaded facts of the complaint are deemed true."  *Id.* (citing

*Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th

Cir. 1983)).

Once the Court is satisfied that default judgment should be entered, it has the

discretion to hold a hearing to determine the amount of damages.  *See* Fed. R. Civ. P.

55(b)(2).  Generally, a damages hearing is not needed when the damages requested

are for a sum certain.  *See United States v. Craighead*, 176 F. App'x 922, 925 (10th Cir.

2006).  In this matter, the Court will therefore determine: (1) whether the Court's

jurisdiction over the Defendant and claims is proper; (2) whether the well-pleaded

allegations of fact support a judgment on the claims against Defendant; and (3) the

damages to which Plaintiff is entitled, if any.  The Court discusses each issue below.

## A.     The Court's Jurisdiction

The Court must first determine whether it has personal jurisdiction over

Defendant, and subject matter jurisdiction over this action.  The Court finds that it has

proper subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's TILA

claim arises under federal law.  The Court also finds it has personal jurisdiction over the

Defendant because Defendant is located in Colorado, and negotiated and entered into

a contract with a Colorado resident.  (ECF Nos. 1 & 8.)  Lastly, pursuant to 28 U.S.C.

§ 1367, the Court finds that it has supplemental jurisdiction over Plaintiff's related

claims brought under Colorado law.  Therefore, the Court has jurisdiction over all claims

and parties in this action.

**B.      Plaintiff's Claims**

Plaintiff asserts that Defendant violated both TILA and the Colorado Consumer

Credit Code.  (ECF No. 1.)  Treating all well-pled facts in the Plaintiff's Complaint as

true, the Court finds that Plaintiff has alleged a sufficient basis on which to impose

liability on Defendant.  The Court discusses both claims below.

1.  TILA Violation

Plaintiff asserts that Defendant violated the following TILA provision:

> For each consumer credit transaction other than under an open
> end credit plan, the creditor shall disclose each of the following
> items, to the extent applicable:
> . . .
> (5) The sum of the amount financed and the finance charge, which
> shall be termed the "total of payments". . . .
>
> (8) Descriptive explanations of the terms "amount financed",
> "finance charge", "annual percentage rate", "total of payments", and
> "total sale price" as specified by the Bureau. The descriptive
> explanation of "total sale price" shall include reference to the
> amount of the down payment.

15 U.S.C. §§ 1638(a)(5), (8).  Plaintiff alleges that Defendant is a "creditor" as defined

in TILA, and that neither the amortization schedule nor the sales contract disclosed to

Plaintiff the "total of payments" as required by § 1638(a)(5).  (ECF No. 1.)  The

amortization schedule (ECF No. 1-2) states the amount financed and finance charge

separately, the sum of which is termed "Beginning Balance," which does not comply

with the statute.  *See Jager v. Boston Rd. Auto Mall, Inc*., 2015 WL 235342, at *2

(S.D.N.Y. Jan. 16, 2015) ("The sum of the amount financed and the finance charge,

which should be the 'total of payments,' is termed the 'Balance Due.'  That does not

comply with § 1638(a)(5).").  Based on Plaintiff's well-pled allegations, the Court finds

that Plaintiff has shown that Defendant violated its duties under TILA.  The Court further

finds that, because the violation of § 1638(a)(5) allows Plaintiff to recover the sum

certain damages she seeks, the Court need not determine whether Defendant also

violated  § 1638(a)(8).

      2.     <u>Colorado Credit Code Violation</u>

Plaintiff's second claim alleges that Defendant's violation of TILA is also a

violation of the Colorado Consumer Credit Code, specifically Colorado Revised Statute

§ 5-3-101(2), which states:  "The creditor shall disclose to the consumer to whom credit

is extended with respect to a consumer credit transaction the information, disclosures,

and notices required by the federal 'Truth in Lending Act' . . . and any regulation

thereunder."  Therefore, based on Defendant's TILA violation outlined above, Plaintiff

has shown that Defendant violated the Colorado Consumer Credit Code as well.

**C.**     **Damages for a Sum Certain**

Plaintiff has shown that she is entitled to judgment in her favor on both her TILA

and Colorado Consumer Credit Code claims.  However, because Plaintiff's claims give

rise to partially overlapping damages between state and federal statutes, the Court

must limit any double recovery.  *See Mason v. Okla. Turnpike Authority*, 115 F.3d 1442,

1459 (10th Cir. 1997) ("[i]f a federal claim and a state claim arise from the same operative facts, and seek identical relief, an award of damages under both theories will constitute double recovery"), *overruled on other grounds by TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011).

Plaintiff has failed to cite to this Court any authority in support of her claimed entitlement to receive damages under both statutes.  Therefore, the Court will only award Plaintiff damages on the statute which provides the greater relief.  In this case, although both statutes' measure of damages is "twice the amount of any finance charge in connection with the transaction," TILA provides Plaintiff the greater relief.  *Compare* 15 U.S.C. § 1640(a)(2)(A) (capping damages at $2,000.00), *with* C.R.S. § 5-5-202(1)(a) (capping damages at $1,000.00); *see also Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 62 (2004).  The Court accordingly awards Plaintiff damages pursuant to TILA in the amount of twice the finance charge in this case, or $1,618.22.  (ECF No. 1-2.)

### D.   Attorneys' Fees and Costs

Plaintiff also seeks $3,500.00 in attorneys' fees in connection with this matter. (ECF No. 12-1.)  To determine a reasonable attorneys' fee, the court must calculate a "lodestar figure" by multiplying a reasonable hourly rate by the hours reasonably expended.  *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005) (citing *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998)). However, Plaintiff has not submitted sufficient documentation to allow the Court to make its required findings.  Plaintiff's affidavit recites the total fees requested, but not counsel's hourly rate or the number of hours expended.  (ECF No. 12-1.)  The Court therefore

denies Plaintiff's request for attorneys' fees at this time, without prejudice to refiling with more detailed billing information.

The Court will, however, award Plaintiff her costs.  Federal Rule of Civil Procedure 54(d) provides that costs, other than attorneys' fees, should be awarded to a prevailing party.  Plaintiff's affidavit states that she expended $483.00 in costs for filing the complaint and service of process, which the Court accordingly awards pursuant to Rule 54(d).

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Entry of Default Judgment Against Defendant (ECF No. 12) is GRANTED IN PART AND DENIED IN PART as more specifically set forth in this Order;

2. The Clerk shall enter Judgment in favor of Plaintiff and against Defendant Broken Spoke Cycles, Inc. in the amount of $1,618.22 in damages and $483.00 in costs; and

3. Plaintiff shall file a motion for attorneys' fees with appropriate supporting documentation, including a detailed and legally sufficient affidavit, no later than May 29, 2015.

Dated this 18th day of May, 2015.

BY THE COURT:

_____
William J. Martinez
United States District Judge