**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-2898-WJM-KMT

SHEENA EATON,

    Plaintiff,

v.

BROKEN SPOKE CYCLES, INC.,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

---

Plaintiff Sheena Eaton ("Plaintiff") initiated this action on October 23, 2014, bringing claims against Defendant Broken Spoke Cycles, Inc. ("Defendant") for its alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. ("TILA") and the Colorado Consumer Credit Code, C.R.S. § 5-1-101 *et seq*. (ECF No. 1.) On January 9, 2015, the Clerk of the Court entered default against Defendant. (ECF No. 10.) On May 18, 2015, the Court granted in part Plaintiff's Motion for Default Judgment, and instructed Plaintiff to file her Motion for Attorneys' Fees on or before May 29, 2015. (ECF No. 13.) Plaintiff's Motion for Attorneys' Fees ("Motion") is now before the Court. (ECF No. 15.) Defendant has not filed a response to the Motion. For the reasons set forth below, the Motion is granted.

**I. LEGAL STANDARD**

To determine a reasonable attorneys' fee, the Court must calculate a "lodestar figure" by multiplying a reasonable hourly rate by the hours reasonably expended.

*Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005) (citing *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998)). Counsel should exercise "billing judgment" prior to submitting a fee request to eliminate any needless, excessive, or redundant hours. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Billing judgment should also take into account the experience and relative skill of the billing attorneys. *Id*. Additional factors to determine a fee's reasonableness include "the complexity of the case, the number of reasonable strategies pursued, . . . the responses necessitated by the maneuvering of the other side," any potential duplicative services, and whether the hours would "normally be billed to a paying client." *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983). A court may use its discretion to fashion an award of attorneys' fees it deems appropriate where counsel requests payment for hours other than those reasonably expended. *Id.* at 554-55.

### III.  ANALYSIS

#### A.  Plaintiff's Entitlement to Attorneys' Fees

In its Order Granting in Part Plaintiff's Motion for Default Judgment, the Court awarded Plaintiff damages under TILA due to Defendant's violation of 15 U.S.C. § 1638(a)(5). (ECF No. 13 at 3-4.) Plaintiff now moves for attorneys' fees under 15 U.S.C. § 1640(a)(3), which provides that "any creditor who fails to comply with any requirement imposed under this part" is liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court." The Court has already held that Plaintiff sufficiently alleged that Defendant is a "creditor" as defined under TILA, and that Defendant violated the statute. (ECF No. 13 at 3-4.) Thus, Plaintiff is entitled

to a reasonable award of attorneys' fees. *Stutzka v. McCarville*, 243 F. App'x 195, 197 (8th Cir. 2007) ("an award of fees is mandatory once a TILA violation has been established, with the amount of the fees being committed to the district court's discretion").

## B.     The Reasonableness of the Fees Requested

Plaintiff requests fees for the work of two attorneys and two paralegals on this matter, and submits the affidavit of Joseph Pavini in support thereof:

| Billing Party: | Hourly Rate: | Hours Billed: |
|---|---|---|
| Attorney Joseph Pavini, Senior Associate | $250.00 | 4.6 |
| Attorney Russell Thompson, Managing Partner | $300.00 | 6.5 |
| Paralegals Tremain Davis and Christopher Bruner | $135.00 | 7.0 |

(ECF No. 15 at 2.)  Multiplying the billable hours together with the respective rates yields a total of $4,045.00 in attorneys' fees, which the Court finds excessive given that Defendant never even appeared in this action.  However, counsel exercised billing judgment and only requests $3,500.00 in fees.  (*Id.*)  After reviewing the detailed billing records supporting Plaintiff's fees request, the Court finds that the hourly rates and time expended on this matter are reasonable given counsel's exercise of billing judgment.  The Court therefore awards Plaintiff $3,500.00 in attorneys' fees.

## III.  CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's Motion for Attorneys' Fees (ECF No. 15) is GRANTED and Plaintiff is awarded $3,500.00 in attorneys' fees.

Dated this 10th day of September, 2015.

BY THE COURT:

William J. Martinez
United States District Judge